IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

JEREMY C. VAUGHN,

                Plaintiff,                      OPINION AND ORDER

    v.

                                                  25-cv-760-wmc

STATE OF WISCONSIN, MARATHON COUNTY,
DIVISION OF COMMUNITY SUPERVISION –
WAUSAU UNIT, STACY MORIN, and
KRISTINA BORNEMAN,

                Defendants.
───────────────────────────────────────────────────────────────

      Plaintiff Jeremy C. Vaughn, a state prisoner who is representing himself, has filed a complaint under 42 U.S.C. § 1983, against the State of Wisconsin, Marathon County, the Marathon County Division of Community Supervision – Wausau Unit, Stacy Morin, and Kristina Borneman. (Dkt. #1.) Because plaintiff is a prisoner and proceeds without prepayment of the filing fee, the court must screen the amended complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because plaintiff has failed to state a viable claim, the court will dismiss the complaint for the reasons explained below.

ALLEGATIONS OF FACT[1]

Plaintiff Jeremy C. Vaughn is presently incarcerated at the Fox Lake Correctional Institution, following the revocation of his probation in May 2025.[2]  According to records provided by Vaughn, his probation in Marathon County Case Nos. 22CF588 and 24CF974 was revoked after he violated the rules of his supervised release by exchanging methamphetamine for currency between November 13 and November 27, 2024.  (Dkt. #1-1, at 15, 25.)

Vaughn accuses parole officers Kristina Borneman and Stacy Morin of the Marathon County Division of Community Supervision of wrongfully ignoring his addiction issues and instead supporting the revocation of his probation with a sentence of more than one year of imprisonment.  Vaughn also generally accuses defendants of defaming his character following an arrest in April 2025, and his return to imprisonment.  He seeks monetary damages under 42 U.S.C. § 1983 for the wrongful revocation of his probation.

OPINION

To state a claim for relief under § 1983, a plaintiff must allege that:  (1) a "person" deprived him of a right secured by the Constitution or the laws of the United States; and

---

[1] Unless otherwise indicated, the facts in this section are taken from the plaintiff's original complaint and attached exhibits.  In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[2] Wisconsin Department of Corrections, Offender Information, at: https://doc.wi.gov ((last accessed Jan. 23, 2026).

2

(2) whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

As an initial matter, plaintiff cannot sue the State of Wisconsin because it is not a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) ("a state is not a 'person' subject to a damages action under § 1983").

Moreover, plaintiff does not state a claim against Marathon County because he does not allege that a constitutional violation was "caused by: (1) an official policy adopted and promulgated by [the county's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Plaintiff also may not proceed against the Marathon County Department of Community Supervision because he does not allege facts showing that it is "a legal entity separable from the county government which it serves." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *accord Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (affirming district court's dismissal of "Dane County Sheriff's Department" because it "[could not] be sued under § 1983").

Additionally, plaintiff may not proceed with a claim that his probation was wrongfully revoked as a result of any action taken by Kristin Borneman or Stacy Morin. Specifically, plaintiff cannot bring claims for damages under § 1983, if judgment in his

favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in a habeas corpus proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Seventh Circuit Court of Appeals has made clear that *Heck* bars § 1983 claims for damages challenging revocation of probation or parole. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying *Heck* to fact, duration, and rules or conditions of probation and parole); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (success on claims challenging revocation "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit"); *see also Harris v. Pucker*, No. 20-cv-1058-bbc, 2021 WL 214654, at *1 (W.D. Wis. Jan. 21, 2021) (citing same). Because plaintiff has not alleged that he successfully obtained post-conviction relief by challenging the constitutionality of his revocation proceedings, *Heck* precludes him from pursuing damages for the circumstances surrounding his revocation proceedings or using this lawsuit to challenge or reverse the result of his revocation proceeding. The only federal proceeding available to obtain that form of relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.").

Plaintiff has also asserted a state-law defamation claim, although he has not identified a specific false statement about him that was communicated by any particular defendant. Because plaintiff has failed to state a federal claim, the court will relinquish

4

supplemental jurisdiction over his state-law claim, which will be dismissed without prejudice as well. *See* 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefson*, 807 F.3d 239, 252 (7th Cir. 2015)(absent good grounds, the better practice is for a district court to relinquish supplemental jurisdiction over state claims once federal claims are dismissed).

While the court of appeals has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate because his allegations do not suggest that he can state a claim for relief in federal court. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

## ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy C. Vaughn is DENIED leave to proceed and this case is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a federal claim upon which relief may be granted.

2. The court declines supplemental jurisdiction over plaintiff's state-law claim, which is also dismissed without prejudice to pursuing in state court.

3. All of plaintiff's motions are DENIED as moot.

4. The clerk of court is directed to close this case and enter judgment accordingly.

Entered this 29th day of January, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge